[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR 12-102021;
Jon L. Schoenhorn, Esq., Defense Counsel for Petitioner.
Christopher Morano, Esq., Assistant State's Attorney, for the State.
FOR THE DIVISION
After trial by jury, petitioner was convicted of two counts of sexual assault in the first degree in violation of General Statutes Sec. 53a-70; assault in the third degree in violation of Sec. 53a-61 (a); threatening in violation of Sec.53a-62 (a)(1) and unlawful restraint in violation of Sec. 53a-95.
On the first two counts, concurrent sentences of twenty years, execution suspended after thirteen years with five years probation were imposed. On the third and fourth counts, sentences of one year were imposed. On the fifth count, a sentence of three years was imposed. The sentences imposed in the third, fourth and fifth counts were to run concurrently with each other, but consecutive to first and second counts. The total effective sentence was twenty years, execution suspended after sixteen years, with five years probation.
The facts upon which the verdict herein is based, indicate that the victim was approached by petitioner in front of a Hartford nightclub on the pretense that he knew her. He requested a ride home. Before agreeing to do this, the victim checked petitioner's driver's license and made him empty his pockets. She transported petitioner to Manchester where he directed her to a school parking lot. The petitioner grabbed the victim and struck her and forced her out of the vehicle. He choked the victim and threatened her. He caused her to remove her pants and pantyhose. He then forced the victim to perform fellatio before throwing her on the trunk of the car and raping her. Later she escaped. CT Page 10328
Petitioner was thirty-two years old at the time of the offense, with a minor misdemeanor criminal record. His attorney stated at the hearing on this petition that both parties had been drinking and that, aside from the sexual assaults, there were no injuries to the victim. The attorney argued that, in imposing sentence here, the judge made certain unwarranted assumptions about petitioner's character and his attitude towards women. His claim is that this resulted in a sentence which is unduly harsh. The attorney argued that it would have been more appropriate for the sentences to be concurrent rather than consecutive.
Speaking on his own behalf, petitioner stated that he wanted to get out and get on with his life and to care for his daughter.
The state's attorney argued against any reduction. He mentioned the emotional damage which the victim suffered.
Petitioner stands convicted of most serious offenses for which substantial sentences have been established by the legislature. The sentences imposed were well under the maximum which could have been imposed. For example, the victim suffered two separate sexual assaults, but concurrent sentences were imposed.
Considering the seriousness of the offenses, and the violence involved, it cannot be found that the sentences imposed are inappropriate, disproportionate or unduly harsh in light of need to protect the public interest and the deterrent and denunciatory purposes for which the sentences were intended. The sentence should not be modified.
Sentence affirmed.
 JOSEPH J. PURTILL, Judge. LAWRENCE C.
Purtill, J., Klaczak, J., and Norko J. participated in this decision.